IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ELSA COLLAZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2 11 CV 108 |
| | ) | |
| ENTERPRISE HOLDINGS, INC. d/b/a | ) | |
| ENTERPRISE RENT-A-CAR, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now plaintiff, Elsa Collazo, by counsel, Rubino, Ruman, Crosmer, Smith, Sersic & Polen, and for her cause of action against the defendant, Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car, states as follows:

1. That the plaintiff, Elsa Collazo, is a citizen of the State of Indiana.

2. That the defendant, Enterprise Holdings, Inc., is a Missouri Corporation with its principal place of business in the State of Missouri.

3. That at all times relevant hereto, the defendant was also doing business as Enterprise Rent-A-Car located in Puerto Rico.

4. That the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Jurisdiction is based upon diversity of citizenship.

5. That at all times relevant hereto, in addition to doing business in Puerto Rico, the defendant was doing business in the State of Indiana.

6. That on April 27, 2010, the plaintiff, Elsa Collazo, was a passenger in a trolley owned by defendant, Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car (hereinafter "Enterprise").

7. That at said time, the Enterprise trolley was driven by an employee and/or agent of the defendant, Enterprise, and traveling on the expressway in Carolina, Puerto Rico.

8. That it was the duty of the defendant, through its employees, to use reasonable care in the maintenance and operation of its trolley so as not to cause injury and damage to others.

9. That the defendant is vicariously liable for any damages caused by the negligent acts of its employees under the doctrine of respondeat superior.

10. That at said place and time, the law of Puerto Rico required Defendant's employee to require all passengers to use seat belts.

11. That at said place and time, the law of Puerto Rico required Defendant's vehicle to be equipped with passenger restraint systems.

12. That at said place and time, the Defendant's vehicle did not possess passenger restraint systems as required by law.

13. That at said place and time, the Plaintiff was not wearing a seatbelt because the Defendant's vehicle was not equipped with a seat belt as required by law.

14. That at said place and time, Defendant's trolley made a sudden stop causing Plaintiff to be partially ejected from her seat and injured.

13. As a direct and proximate result of the defendant's negligence and fault, the plaintiff was injured, some of which injuries may be permanent, incurred medical expenses, pain and suffering, mental anguish, and was otherwise damaged.

WHEREFORE, plaintiff prays for judgment against the defendant in a sum which will reasonably compensate her for her damages in excess of the jurisdictional minimum of this

Court, plus costs, including attorney's fees for any frivolously asserted affirmative defenses, interest and any other proper relief.

_____
TERRENCE M. RUBINO, #6220-45
MICHAEL E. POLEN, JR., #25052-45
RUBINO, RUMAN, CROSMER,
SMITH, SERSIC & POLEN

## JURY DEMAND

Comes now plaintiff, by counsel, and demands trial by jury.

_____
TERRENCE M. RUBINO, #6220-45
MICHAEL E. POLEN, JR., #25052-45
RUBINO, RUMAN, CROSMER,
SMITH, SERSIC & POLEN
275 Joliet Street, Suite 330
Dyer, IN 46311
219/322-8222
Email: trubino@rubinoruman.com
       mpolen@rubinoruman.com
Attorneys for Plaintiff